1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT

7

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

BUENA VISTA, LLC,                          No. 10-1502 CW

9
            Plaintiff,                     ORDER GRANTING
                                           DEFENDANTS'
10     v.                                  MOTIONS TO
                                           DISMISS AND
11  NEW RESOURCE BANK, et al.,             DENYING
                                           DEFENDANTS'
12          Defendants.                    MOTIONS TO STRIKE
    ────────────────────────────────/
13

14

15     This case concerns loans made to Plaintiff Buena Vista, LLC to

16  fund the construction of an eight-unit residential project in

17  Martinez, California.  Defendants New Resource Bank, Ferguson &

18  Brewer Investment Company and Marcus & Millichap Company separately

19  move to dismiss the claims asserted against them.  Defendants New

20  Resource Bank and Ferguson & Brewer also move to strike Plaintiff's

21  jury demand.  Plaintiffs oppose the motions.  The matter was heard

22  on July 15, 2010.  After hearing oral argument and considering all

23  of the papers filed by the parties, the Court grants Defendants'

24  motions to dismiss and denies the motions to strike.  The Court

25  also grants Plaintiff leave to amend its complaint.

26                          BACKGROUND

27     Plaintiff Buena vista is a developer "dedicated to providing

28  sustainable, ecologically friendly living spaces to residents in

United States District Court
For the Northern District of California

the Martinez area." Compl. ¶ 8. The company is owned by Isidro and Anamarie Farias. In October, 2006, Buena Vista took out a construction loan from Defendant New Resource Bank for $2,718,000. The maturity date on the loan was January 3, 2008. After the building was constructed, Buena Vista had difficulty selling the units because of "the declining real estate market." Compl. ¶ 64. To mitigate its losses, Buena Vista sought to change its business strategy from selling the units to renting them. During the time in which Buena Vista was attempting to sell and rent the units, it obtained two separate loan extensions. Despite the extensions, Buena Vista could only sell one of the units and the remaining units did not generate sufficient rental revenue. Buena Vista sought significant loan concessions from New Resource Bank and in July, 2009, New Resource Bank sold the loan to Defendant Ferguson & Brewer Investment Company. Defendant Marcus & Millichap, a real-estate firm in San Francisco, brokered the sale.

Buena Vista alleges that, after the initial loan agreement was executed, New Resource breached a number of oral agreements between the two parties, including unilaterally changing the loan-to-value ratio, failing to grant loan extensions automatically without additional terms, delaying refinancing options and initially refusing to consider the "rental option" as promised. Buena Vista alleges that the sale of the loan from New Resource Bank to Ferguson & Brewer was improper because, before the purchase, New Resource Bank turned over Buena Vista's confidential financial information to Marcus & Millichap, which then gave that information to Ferguson & Brewer. Plaintiff alleges that this confidential

2

1  information was relied upon by Ferguson & Brewer when it decided to
2  purchase the loan.

3      Plaintiff alleges eight causes of action: (1) violation of the
4  Racketeer Influenced and Corrupt Organizations (RICO) Act,
5  (2) breach of contract, (3) breach of the implied covenant of good
6  faith and fair dealing, (4) violation of California Business &
7  Professions Code sections 17200 <u>et seq.</u>, (5) fraud, (6) unjust
8  enrichment, (7) intentional interference with prospective economic
9  advantage and (8) negligence.

10                          LEGAL STANDARD

11      A complaint must contain a "short and plain statement of the
12  claim showing that the pleader is entitled to relief." Fed. R.
13  Civ. P. 8(a). When considering a motion to dismiss under Rule
14  12(b)(6) for failure to state a claim, dismissal is appropriate
15  only when the complaint does not give the defendant fair notice of
16  a legally cognizable claim and the grounds on which it rests.
17  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). In
18  considering whether the complaint is sufficient to state a claim,
19  the court will take all material allegations as true and construe
20  them in the light most favorable to the plaintiff. <u>NL Indus., Inc.</u>
21  <u>v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986). However, this
22  principle is inapplicable to legal conclusions; "threadbare
23  recitals of the elements of a cause of action, supported by mere
24  conclusory statements," are not taken as true. <u>Ashcroft v. Iqbal</u>,
25  ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (citing <u>Twombly</u>, 550
26  U.S. at 555).

27      When granting a motion to dismiss, the court is generally

28                                3

required to grant the plaintiff leave to amend, even if no request

to amend the pleading was made, unless amendment would be futile.

<u>Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.</u>, 911

F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment

would be futile, the court examines whether the complaint could be

amended to cure the defect requiring dismissal "without

contradicting any of the allegations of [the] original complaint."

<u>Reddy v. Litton Indus., Inc.</u>, 912 F.2d 291, 296 (9th Cir. 1990).

DISCUSSION

I.   RICO

Buena Vista alleges a civil RICO claim against all Defendants.
To state a claim for relief in a private RICO action, Buena Vista
must allege four essential elements: (1) a pattern of racketeering
activity, (2) the existence of an enterprise engaged in or
affecting interstate or foreign commerce, (3) a nexus between the
pattern of racketeering activity and the enterprise and (4) an
injury to its business or property by reason of the above.  <u>Sedima</u>
<u>S.P.R.L. v. Imrex Company</u>, 473 U.S. 479 (1985).

The racketeering activities upon which Buena Vista appears to
rely are the federal offenses of mail fraud and wire fraud.  "A
wire fraud violation consists of (1) the formation of a scheme or
artifice to defraud; (2) use of the United States wires or causing
a use of the United States wires in furtherance of the scheme; and
(3) specific intent to deceive or defraud." <u>Odom v. Microsoft</u>
<u>Corp.</u>, 486 F.3d 541, 554 (9th Cir. 2008) (internal quotation marks
omitted); 18 U.S.C. § 1343.  The elements of mail fraud differ only
in that they involve the use of the United States mails rather than

United States District Court
For the Northern District of California

4

wires.  See 18 U.S.C. § 1341.  All such allegations must be plead
with particularity.  Moore v. Kayport Package Express, Inc., 885
F.2d 531, 541 (9th Cir. 1989).

Buena Vista's RICO claim fails for several reasons.  Buena
Vista does not identify which deceptive statements were made by
mail or by wire or how the fraud was furthered by particular
mailings or telephone calls.  Moreover, a RICO claim based on wire
fraud must allege an interstate telephone call.  See 18 U.S.C.
§ 1343 (criminalizing schemes to defraud "by means of wire, radio,
or television communication in interstate or foreign commerce
. . . ."); see also First Pacific Bancorp, Inc. v. Bro, 847 F.2d
542, 547 (9th Cir. 1988) (holding that the "allegation of wire
fraud is also unsupported, since there is no evidence of interstate
wire communication.").

Even if Buena Vista adequately plead fraudulent acts, it fails
to allege a pattern of such activity.  A pattern can be shown
through either closed- or open-ended continuity.  Turner v. Cook,
362 F.3d 1219, 1229 (9th Cir. 2004).  To allege closed-ended
continuity, a plaintiff must aver a "series of related predicates"
that extends "over a substantial period of time" and threatens
future criminal conduct.  Id. (citing Howard v. Am. Online, Inc.,
208 F.3d 741, 750 (9th Cir. 2000)) (editing marks omitted).  To
plead open-ended continuity, a plaintiff "must charge a form of
predicate misconduct that 'by its nature projects into the future
with a threat of repetition.'"  Turner, 362 F.3d at 1229 (quoting
Religious Tech. Ctr. v. Wollersheim, 971 F.2d 364, 366 (9th Cir.
1992)).  Buena Vista's allegations do not support either theory of

5

1  continuity.

2  Buena Vista relies on an Order to Cease and Desist, in which

3  New Resource Bank stipulated with regulatory agencies, the Federal

4  Deposit Insurance Corporation and the California Department of

5  Financial Institutions, to ensure that New Resource Bank manages

6  its funds in a risk-averse manner.  Buena Vista's Request for

7  Judicial Notice (RJN), Ex. A.[1]  Nothing in the Order relates to

8  Buena Vista's allegations of fraud.

9  Accordingly, Buena Vista's RICO claim is dismissed.

10  II.  Breach of Contract

11  Buena Vista alleges a breach of contract against New Resource

12  Bank and Ferguson & Brewer.

13  To assert a cause of action for breach of contract, a

14  plaintiff must plead: (1) existence of a contract; (2) the

15  plaintiff's performance or excuse for non-performance; (3) the

16  defendant's breach; and (4) damages to the plaintiff as a result of

17  the breach.  <u>Armstrong Petrol. Corp. v. Tri-Valley Oil & Gas Co.</u>,

18  116 Cal. App. 4th 1375, 1391 n.6 (2004).

19  Buena Vista claims that New Resource Bank breached four oral

20  agreements and one written agreement.  The first three oral

21  agreements were made before the execution of the original written

22  construction loan agreement between Buena Vista and New Resource

23  Bank.  Buena Vista alleges that New Resource Bank orally agreed

24  (1) to change the terms of the loan to convert the loan into a

25  _____

26  [1]The Court grants Buena Vista's request for judicial notice of
the Order to Cease and Desist because it is "capable of accurate
and ready determination by resort to sources whose accuracy cannot

27  reasonably be questioned."  Fed. R. Evid. 201.

28  6

rental property loan should the need arise, (2) to finance the construction project based on a sixty-nine percent loan-to-value ratio, and (3) to grant two loan extensions of up to a year each after construction was complete, without adding any additional terms.  Plaintiff claims that New Resource breached these agreements, respectively, by (1) failing to transition to a rental property loan more timely, (2) financing the construction project based on a seventy percent loan-to-value ratio and (3) adding terms to a second loan extension.  In the fourth oral agreement, made after the original written agreement was executed, New Resource Bank allegedly promised to reduce a refinancing agreement to writing "immediately."  Buena Vista claims that this promise was broken when it took New Resource Bank "over a month" to do so, and that this delay caused it to miss out on other refinancing opportunities.

The original construction loan agreement contains an integration clause, which states in full, "This Agreement, together with any Related Documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Agreement.  No alteration of or amendment to this Agreement shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment."  New Resource Bank RJN, Ex. A at 8.[2]  The matters set

[2]The Court denies New Resource Bank's request to take judicial notice of the October 3, 2006 Construction Loan Agreement, the December 9, 2008 Business Loan Agreement and the December 9, 2008 Promissory Note.  However, the Court will consider these contracts on the motion to dismiss because their contents are alleged in the complaint and their authenticity is not disputed.  Branch v.

forth in the agreement include all of the terms on which New Resource Bank would loan money for the "project," which is generally defined in the agreement as the construction of the eight townhouse units.  Because all of the alleged oral promises dealt with the terms of the loan for this project, they cannot form the basis of any breach of contract claim.

The written agreement that New Resource Bank allegedly breached is the "Interest Reserve Provision."  The provision states that the "sum of $225,000 shall be set aside within the Loan, sufficient to pay interest due on the Note."  In its complaint, Buena Vista fails to allege how this provision was breached, but its brief argues that New Resource Bank demanded more than $225,000 to be held in the reserve and it "threatened to pull funds from Plaintiff's project without an additional $30,000 . . . ."  Opposition at 13.  In a motion to dismiss, the Court reviews the adequacy of Buena Vista's claims asserted in the complaint, not the claims it asserts in its brief.  Schneider v. Cal. Dept. of Corrections, 151 F.3d 1194, 1197 n. 1 (9th Cir.1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (emphasis in original).  However, even if the Court considers Buena Vista's allegation not asserted in its complaint, it does not state a cognizable breach of contract claim.  Buena Vista has not alleged

Tunnell, 14 F.3d 449, 454 (9th Cir. 1994) (holding that courts may properly consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleadings.").

United States District Court
For the Northern District of California

8

any negative consequence as a result of this alleged new demand and threat.  It does not allege that it actually paid any amount over the $225,000 reserve or that the loan was cancelled because of any non-payment in relation to the demand.

Buena Vista argues that it has alleged numerous oral and written contracts that Ferguson & Brewer breached.  However, none of Buena Vista's allegations concerns Ferguson & Brewer.  They all relate to New Resource Bank.  Even though Ferguson & Brewer purchased the note from New Resource Bank, the buyer of such a negotiable instrument takes the note free from all claims and defenses.  Cal. Com. Code § 3202(b) ("the shelter doctrine"); see also Finalco, Inc. v. Roosevelt, 235 Cal. App. 3d 1301, 1305-06 (1991).  Therefore, Buena Vista's breach of contract claim fails against Ferguson & Brewer because it does not allege that any terms of any oral or written contract between itself and Ferguson & Brewer were breached.

III. Breach of the Implied Covenant of Good Faith and Fair Dealing

Buena Vista alleges a breach of the implied covenant of good faith and fair dealing against New Resource Bank only.  To assert a cause of action for breach of the implied covenant of good faith and fair dealing, a plaintiff must also plead the existence of a contractual relationship because "the covenant is an implied term in the contract."  Smith v. City & County of San Francisco, 225 Cal. App. 3d 38, 49 (1990).  "The implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract."  Pasadena Live, LLC v. City of

9

United States District Court
For the Northern District of California

Pasadena, 114 Cal. App. 4th 1089, 1094 (2004).  "This covenant not only imposes upon each contracting party the duty to refrain from doing anything which would render performance of the contract impossible by any act of his own, but also the duty to do everything that the contract presupposes that he will do to accomplish its purpose."  Harm v. Frasher, 181 Cal. App. 2d 405, 417 (1960).

Buena Vista's breach of the implied covenant claim is based on the same allegations as its breach of contract claim.  Its allegations do not concern the performance of the existing explicit contract terms so much as a claim that New Resource Bank explicitly made several additional oral agreements.  Therefore, Buena Vista's breach of the implied covenant claim fails.

IV.  California Business & Professions Code § 17200

California's Unfair Competition Law (UCL) prohibits any "unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  The UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law.  Chabner v. United Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000).  Violation of almost any federal, state or local law may serve as the basis for a UCL claim.  Saunders v. Superior Court, 27 Cal. App. 4th 832, 838-39 (1994).  In addition, a business practice may be "unfair or fraudulent in violation of the UCL even if the practice does not violate any law."  Olszewski v. Scripps Health, 30 Cal. 4th 798, 827 (2003).

Buena Vista pleads under all three prongs of the UCL against

10

all Defendants.  Its allegations under the unlawful prong rely on its claims that Defendants violated the RICO Act.  However, because Buena Vista fails to state claims for violations of the RICO Act, its UCL claims must be dismissed insofar as they are based on that Act.

Plaintiff has also failed to allege sufficient facts to state a claim for relief under the "unfair practices" prong.  Where, as here, an action is brought by a consumer, rather than a competitor, an "unfair" business practice occurs "when it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers."  See People v. Casa Blanca Convalescent Homes, Inc., 159 Cal. App. 4th 509, 530 (1984).

Here, Buena Vista alleges Defendants' business practices were unfair because they were aimed at "intentionally harming borrowers' interests."  Compl. ¶ 242.  Buena Vista claims that Defendants "worked in concert to take advantage of [Buena Vista's] precarious financial situation, bilk [Buena Vista] of thousands of dollars for Defendants' own profit, and foreclose on Villa Del Sol."  Id. ¶ 241.  These conclusory allegations do not support a claim that Defendants' actions "offend[ ] an established public policy" or that they are "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers."  See Casa Blanca, 159 Cal. App. 4th at 530.  Accordingly, Buena Vista's claim for relief under the "unfair practices" prong also fails.

A claim based upon the fraudulent business practice prong of the UCL is distinct from common law fraud.  "A fraudulent business

United States District Court
For the Northern District of California

practice is one that is likely to deceive members of the public."
<u>Morgan v. AT&T Wireless Svcs., Inc.</u>, 177 Cal. App. 4th 1235, 1254
(2009). "A [common law] fraudulent deception must be actually
false, known to be false by the perpetrator and reasonably relied
upon by a victim who incurs damages. None of these elements are
required to state a claim for . . . relief under the UCL. This
distinction reflects the UCL's focus on the defendant's conduct,
rather than the plaintiff's damages, in service of the statute's
larger purpose of protecting the general public against
unscrupulous business practices." <u>In re Tobacco II Cases</u>, 46 Cal.
4th 298, 312 (2009) (internal quotation marks and citations
omitted). Buena Vista's claim under the fraud prong fails because
it has not alleged that "members of the public are likely to be
deceived" by any of Defendants' actions. Further, Buena Vista has
not plead its fraudulent business practice claim with
particularity, as required under Federal Rule of Civil Procedure
9(b). See <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1125 (9th Cir.
2009) (holding that UCL claims sounding in fraud must meet the
heightened pleading standard of Rule 9(b)).

Defendants maintain that Buena Vista's UCL claim must be
dismissed because Buena Vista seeks damages, not restitution.
Under the UCL, private plaintiffs may only seek injunctive or
restitutionary relief. See Cal. Bus. & Prof. Code § 17203; <u>see
also</u> <u>Madrid v. Perot Sys. Corp.</u>, 130 Cal. App. 4th 440, 452-53
(2005). In "the context of the UCL, 'restitution' is limited to
the return of property or funds in which the plaintiff has an
ownership interest (or is claiming through someone with an

12

ownership interest).” <u>Madrid</u>, 130 Cal. App. 4th at 453 (citation omitted).

Buena Vista does not address this argument in its opposition. In its complaint, it provides conclusory statements that it seeks "restitution of all monies due to Buena Vista or wrongfully taken by Defendants from the Buena Vista, and disgorged profits from the unlawful business practices of Defendants." Complaint ¶ 244. However, Buena Vista has not plead how restitution of these monies is connected to Defendants' alleged unlawful business practices. Because Buena Vista failed to plead the basis of its request for restitution, its UCL claim is dismissed.

V.   Fraud

Buena Vista alleges a claim of fraud against all Defendants. To state a claim for fraud, a plaintiff must plead "'(a) misrepresentation; (b) knowledge of falsity (or scienter); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.'" <u>In re Napster, Inc. Copyright Litig.</u>, 479 F.3d 1078, 1096 (9th Cir. 2007) (quoting <u>Small v. Fritz Cos., Inc.</u>, 30 Cal. 4th 167, 173 (2003)); <u>see generally</u> Cal. Civ. Code §§ 1709-10. Averments concerning fraud "shall be stated with particularity." Fed. R. Civ. Proc. 9(b). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." <u>Semegen v. Weidner</u>, 780 F.2d 727, 731 (9th Cir. 1985). Statements of the time, place and nature of the alleged fraudulent activities are sufficient, <u>id.</u>

**United States District Court**
For the Northern District of California

13

at 735, provided the plaintiff sets forth "what is false or misleading about a statement, and why it is false." <u>In re GlenFed, Inc., Secs. Litig.</u>, 42 F.3d 1541, 1548 (9th Cir. 1994). Scienter may be averred generally, simply by saying that it existed. <u>Id.</u> at 1547; see Fed. R. Civ. Proc. 9(b) ("Malice, intent, knowledge, and other condition of mind of a person may be averred generally."). Allegations of fraud based on information and belief usually do not satisfy the particularity requirements of Rule 9(b); however, as to matters peculiarly within the opposing party's knowledge, allegations based on information and belief may satisfy Rule 9(b) if they also state the facts upon which the belief is founded. <u>Wool v. Tandem Computers, Inc.</u>, 818 F.2d 1433, 1439 (9th Cir. 1987).

Buena Vista claims that New Resource Bank fraudulently induced it to take out a construction loan by making promises that New Resource Bank did not intend to keep. Buena Vista alleges that New Resource Bank stated that converting the loan into a rental property loan would not be a problem, that New Resource Bank would support a change in the loan terms at a later date and that New Resource Bank would automatically agree to two loan extensions. Although the integration clause bars these pre-execution promises from becoming part of the loan agreement, these promises allegedly induced Buena Vista into contracting with New Resource Bank. However, for these statements to form the basis for fraudulent inducement, they have to be <u>false</u> representations. Buena Vista admits in its complaint that each of the promises was fulfilled: New Resource Bank (1) converted the loan into a rental property

14

United States District Court
For the Northern District of California

loan, (2) agreed to changes in loan terms and (3) granted two loan extensions.  Thus, the statements allegedly made by New Resource Bank prior to the construction loan agreement are not false and cannot form the basis of a fraudulent inducement claim.

Further, Buena Vista's fraud claims against Ferguson & Brewer and Marcus & Millichap are not cognizable.  Buena Vista does not make any allegations that Ferguson & Brewer made any intentional misrepresentations concerning the original construction loan agreement between Buena Vista and New Resource Bank.  Rather, the fraud allegations against Ferguson & Brewer are limited to claims that Ferguson & Brewer became aware of Buena Vista's financial "struggles" and obtained confidential financial information about the borrower and the note, worked in concert with New Resource Bank to buy the loan from the Bank and interfered with loan modifications between the Bank and a "potential refinancer."  Comp. ¶¶ 253-257.  None of these allegations concern any misrepresentations made by Ferguson & Brewer to Buena Vista. Moreover, Buena Vista does not allege that it relied on any misrepresentations by Ferguson & Brewer.  Further, there is nothing fraudulent about Ferguson & Brewer's possession of information about Buena Vista's financial state.  For all of these reasons, Buena Vista's fraud claim against Ferguson & Brewer fails.

Similarly, the fraud claim against Marcus & Millichap fails because Buena Vista does not specifically allege any misrepresentations made by Marcus & Millichap.  Buena Vista alleges that Marcus & Millichap improperly obtained Buena Vista's confidential financial information and passed that information to

15

Ferguson & Brewer.   These allegations do not constitute a fraud.

VI.   Unjust Enrichment

Buena Vista asserts a claim of unjust enrichment against all Defendants.   California courts appear to be split as to whether there is an independent cause of action for unjust enrichment. Baggett v. Hewlett-Packard Co., 582 F. Supp. 2d 1261, 1270-71 (C.D. Cal. 2007) (applying California law).   One view is that unjust enrichment is not a cause of action, or even a remedy, but rather a general principle, underlying various legal doctrines and remedies. McBride v. Boughton, 123 Cal. App. 4th 379, 387 (2004).   In McBride, the court construed a "purported" unjust enrichment claim as a cause of action seeking restitution.   Id.   There are at least two potential bases for a cause of action seeking restitution: (1) an alternative to breach of contract damages when the parties had a contract which was procured by fraud or is unenforceable for some reason; and (2) where the defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct and the plaintiff chooses not to sue in tort but to seek restitution on a quasi-contract theory.   Id. at 388.   In the latter case, the law implies a contract, or quasi-contract, without regard to the parties' intent, to avoid unjust enrichment.   Id.

Another view is that a cause of action for unjust enrichment exists and its elements are receipt of a benefit and unjust retention of the benefit at the expense of another.   Lectrodryer v. SeoulBank, 77 Cal. App. 4th 723, 726 (2000); First Nationwide Savings v. Perry, 11 Cal. App. 4th 1657, 1662-63 (1992).

Buena Vista has not stated a basis for a restitutionary remedy

16

United States District Court
For the Northern District of California

for its fraud claim against New Resource Bank, Marcus & Millichap and Ferguson & Brewer.  Therefore, Buena Vista's unjust enrichment claim is dismissed.

## VII. Intentional Interference with Prospective Economic Advantage (IIPEA)

Buena Vista brings an IIPEA claim against all Defendants.  To state a claim for this tort, Buena Vista must show, for each Defendant: (1) an economic relationship between Buena Vista and a third party containing the probability for future economic benefit for Buena Vista; (2) Defendants' knowledge of this relationship; (3) intentional acts by Defendants designed to disrupt the relationship; (4) actual disruption of the relationship; (5) damages proximately caused by Defendants' acts; and (6) that Defendants' acts were wrongful by some legal measure other than the fact of the interference itself.  <u>Korea Supply Co. v. Lockheed Martin Corp.</u>, 29 Cal. 4th 1134, 1153-54 (2003).

Buena Vista fails to allege this tort against Defendants. Buena Vista claims that New Resource Bank interfered with its prospective economic advantage in three ways: (1) by interfering with Buena Vista's relationships with probable refinancers, (2) by interfering with Buena Vista's relationship with its marketing team, prompting the team to quit due to New Resource Bank's delay in transitioning the loan to a rental option and (3) by providing Buena Vista's financial information to Marcus & Millichap.  None of these theories has merit.  Concerning the lenders, Buena Vista has not alleged that there was any probability of a future economic relationship with any particular lender.  Further, Buena Vista

17

United States District Court
For the Northern District of California

merely alleges that New Resource Bank was not willing to refinance the loan on terms more favorable to Buena Vista, even though such refinancing was not required by the loan.  This allegation does not constitute a specific action taken by New Resource Bank intended to disrupt a relationship with a potential lender.  Moreover, Buena Vista has not alleged that any of New Resource Bank's acts resulted in actual damage or economic loss.

As to Buena Vista's relationship with its marketing team, Buena Vista has also failed to allege any intentional act by New Resource Bank that interfered with that relationship.  At most, Buena Vista has alleged that it was negotiating a transition to a rental option with New Resource Bank when the marketing team quit. This negotiation does not constitute an intentional disruption of Buena Vista's relationship with its own marketing team.

As to the claim concerning New Resource Bank's release of Buena Vista's financial records, Buena Vista has not alleged any probable economic relationship that was injured by the release of this information.

Buena Vista's IIPEA claims against Ferguson & Brewer and Marcus & Millichap fail for similar reasons.  Buena Vista has not alleged that Ferguson & Brewer did anything other than use the information provided to it to negotiate a deal with the bank. Further, Buena Vista has not alleged that these Defendants did anything intentionally to interfere with an actual prospective business relationship.

Perhaps most importantly, Buena Vista fails to allege element (6) of the cause of action, that any of Defendants' actions were

18

wrongful by some legal measure other than the interference itself. In <u>Korea Supply</u>, the California Supreme Court explained that an "act is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard."  29 Cal. 4th at 1159. Buena Vista alleges that New Resource Bank's independent wrongful conduct concerned purposeful delay of refinancing negotiations "with the intent to retain [Buena Vista's] excessive interest only payments and foreclose on Villa Del Sol."  Opposition at 21.  Buena Vista alleges that New Resource Bank accomplished the purposeful delay through the wrongful means of releasing its confidential financial records to Marcus & Millichap.

However, according to the express language of the loan agreement, Buena Vista agreed to the disclosure of all information related to the loan to potential purchasers of the note.  That provision of the loan agreement states, "Lender may provide, without any limitation whatsoever, to any one or more purchasers, or potential purchasers, any information or knowledge Lender may have about Borrower or about any other matter relating to the Loan, and Borrower hereby waives any rights to privacy Borrower may have with respect to such matters."  New Resource Bank RJN, Ex. B at 6. Buena Vista makes much of the allegation that New Resource Bank turned over information to Marcus & Millichap, which was a real estate broker and not technically a potential purchaser of the loan.  However, Marcus & Millichap is alleged to be the agent of New Resource Bank and an agent is authorized to perform any acts which a principal might do.  <u>See</u> Cal. Civ. Code § 2304.  Because

19

New Resource Bank was authorized to provide Buena Vista's private financial information to Ferguson & Brewer, Marcus & Millichap as its agent was also authorized to do the same thing. Therefore, New Resource Bank is not alleged to have committed any independent wrongful act other than the interference itself.

Buena Vista alleges that the same disclosure of confidential information serves as the independent wrongful act to support IIPEA claims against Ferguson & Brewer and Marcus & Millichap. Because Ferguson & Brewer was a "potential purchaser" of the note, it was expressly allowed to view Buena Vista's confidential information. And as described above, Marcus & Millichap did not commit any wrongdoing by viewing and passing along this information. For all of these reasons, the IIPEA claims against New Resource Bank, Ferguson & Brewer and Marcus & Millichap fail.

VIII.    Negligence

Buena Vista alleges a negligence claim against New Resource Bank only, stating that New Resource Bank owed it a duty to use ordinary care to prevent injury to it because it "was a borrower and a client" of New Resource Bank. Compl. ¶ 290. New Resource Bank asserts that it did not have a relationship with Buena Vista that would impose a duty of care.

A cause of action for negligence must allege (1) the defendant's legal duty of care to the plaintiff; (2) the defendant's breach of duty; (3) injury to the plaintiff as a result of the breach; and (4) damage to the plaintiff. <u>Hoyem v. Manhattan Beach City Sch. Dist.</u>, 22 Cal. 3d 508, 513 (1978). "The legal duty of care may be of two general types: (a) the duty of a person to

use ordinary care in activities from which harm might reasonably be anticipated, or (b) an affirmative duty where the person occupies a particular relationship to others." <u>McGettigan v. Bay Area Rapid Transit Dist.</u>, 57 Cal. App. 4th 1011, 1016-17 (1997).

"[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." <u>Nymark v. Heart of Fed. Savings & Loan Assn.</u>, 231 Cal. App. 3d 1089, 1095 (1991); <u>see also</u> <u>Kinner v. World Savings & Loan Assn.</u>, 57 Cal. App. 3d 724, 732 (1976) (holding no duty of care owed by lender to borrower to ensure adequacy of construction loan); <u>Wagner v. Benson</u>, 101 Cal. App. 3d 27, 35 (1980) (finding no duty owed by lender to borrower where lender is not involved extensively in borrower's business).

Buena Vista has not alleged facts to show that New Resource Bank's involvement in the loan transaction exceeded the scope of its conventional role as a lender. Accordingly, Buena Vista's claim for negligence is dismissed because it fails to show that New Resource Bank owed it a duty of care.

IX.  Motion to Strike Jury Demand

The Court denies this motion without prejudice to refiling because, at this stage in the case, it is not clear on which claims Buena Vista will proceed. Once the pleadings have closed, the Court can determine whether language in the loan agreement waives Buena Vista's right to a jury trial on its cognizable claims.

CONCLUSION

For the foregoing reasons, the Court grants Defendants'

21

1    motions to dismiss (Docket Nos. 16. 22, 26) and denies without
2    prejudice Defendants' motions to strike (Docket Nos. 18, 23).
3    Buena Vista may file an amended complaint addressing the
4    deficiencies detailed above within fourteen days of the date of
5    this Order.  If Buena Vista does so, National Resource Bank may
6    file a motion to dismiss two weeks thereafter.  Ferguson & Brewer
7    and Marcus & Millichap may file their motions, of up to eight pages
8    of non-repetitive argument, one week later.  Two weeks later, Buena
9    Vista may file a consolidated opposition of up to the total number
10   of pages utilized by Defendants.  One week later, Defendants may
11   file a joint fifteen page reply or separate five page replies.  The
12   motions will be decided on the papers.
13        IT IS SO ORDERED.
14
15   Dated: 08/31/10                _____
16                                  CLAUDIA WILKEN
                                    United States District Judge
17
18
19
20
21
22
23
24
25
26
27
28
                                   22