**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BUENA VISTA, LLC,

      Plaintiff,

    v.

NEW RESOURCE BANK, a California
corporation; FERGUSON & BREWER
INVESTMENT COMPANY, a California
corporation; MARCUS & MILLICHAP
COMPANY, a California
corporation; and DOE 1 through
DOE 20, inclusive,

      Defendants.

_____/

No. C 10-01502 CW

ORDER GRANTING
DEFENDANTS'
MOTIONS TO DISMISS
WITH PREJUDICE
(Docket Nos. 46,
50 & 51)

    Defendants New Resource Bank, Ferguson & Brewer Investment
Company, and Marcus & Millichap Company move under Federal Rules
of Civil Procedure 12(b)(6) and 9(b) to dismiss Plaintiff Buena
Vista, LLC's claims.  Having considered all of the parties'
papers, the Court GRANTS Defendants' motions.

BACKGROUND

    This action arises from a loan that Plaintiff Buena Vista
received to fund the construction of a residential project in
Martinez, California.  On October 3, 2006, Buena Vista executed a
Construction Loan Agreement with New Resource Bank, borrowing

$2,718,000 to build Villa Del Sol, an ecologically friendly townhouse development.  Originally Buena Vista intended to sell the units following completion of construction, but the decline in the housing market thwarted its plans.  Buena Vista faced increasing financial difficulty, requiring it to seek extensions on its construction loan in December, 2007, and April, 2008.  On December 9, 2008, New Resource Bank converted Buena Vista's construction loan to a business loan in the amount of $2,332,278.81.  The business loan did not require that Buena Vista attempt to sell the Villa Del Sol units, effectively allowing Buena Vista to change its development to that of a rental property.

To further mitigate losses, Buena Vista requested that the Bank write down its loan to $1.8 million.  The Bank refused. Buena Vista's efforts to refinance failed.  In July, 2009, New Resource Bank sold the loan to Defendant Ferguson & Brewer Investment Company.  Defendant Marcus & Millichap, a real estate investment firm, brokered the sale.

Buena Vista filed suit against Defendants alleging eight causes of action: (1) violation of the Racketeer Influenced and Corrupt Organizations (RICO) Act, (2) breach of contract, (3) breach of the implied covenant of good faith and fair dealing, (4) violation of California Business & Professions Code sections 17200 et seq., (5) fraud, (6) unjust enrichment, (7) intentional interference with prospective economic advantage, and

(8) negligence.  Defendants filed motions to dismiss under Federal Rule of Procedure 12(b)(6), which resulted in the dismissal of all eight causes of action with leave to amend.  Subsequently, Buena Vista filed its First Amended Complaint (FAC).  The amended complaint renews all eight causes of action, which Defendants now move to dismiss, again for failure to state a claim.

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  On a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  However, this principle is inapplicable to legal conclusions; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true.  Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

DISCUSSION

I. RICO Claim

To state a claim for relief in a private RICO action, Buena Vista must allege four essential elements: (1) a pattern of racketeering activity, (2) the existence of an enterprise engaged in or affecting interstate or foreign commerce, (3) a nexus between the pattern of racketeering activity and the enterprise, and (4) an injury to its business or property by reason of the above. Sedima S.P.R.L. v. Imrex Company, 473 U.S. 479 (1985). As the predicate acts for its RICO claim, Buena Vista alleges mail and wire fraud by all three Defendants. "A wire fraud violation consists of (1) the formation of a scheme or artifice to defraud; (2) use of the United States wires or causing a use of the United States wires in furtherance of the scheme; and (3) specific intent to deceive or defraud." Mail fraud differs only in that it involves the use of the United States mails rather than wires. See 18 U.S.C. § 1341. All allegations of fraud under the RICO statute must be plead with particularity. Moore v. Kayport Package Express, Inc., 885 F.2d 531, 541 (9th Cir. 1989).

Buena Vista's original RICO claim failed for several reasons. First, Buena Vista did not identify any deceptive statements made by mail or by wire or how the fraud was furthered by particular mailings or telephone calls. Second, the claim failed to allege an interstate telephone call. See 18 U.S.C. § 1343 (criminalizing schemes to defraud "by means of wire, radio, or television

4

communication in interstate or foreign commerce . . .”); see also

First Pacific Bancorp, Inc. v. Bro, 847 F.2d 542, 547 (9th Cir.

1988) (holding that the “allegation of wire fraud is also

unsupported, since there is no evidence of interstate wire

communication.”).  Finally, Buena Vista failed sufficiently to

allege a pattern of fraud.

Buena Vista’s First Amended Complaint does not cure these

defects.  First, the amended complaint fails to allege with

particularity an interstate telephone call made to further the

purported fraud.  Thus, Buena Vista’s RICO claim against

Defendants based on wire fraud fails again.

Instead, the amended complaint identifies various general

misrepresentations that New Resource Bank allegedly sent by the

United States mail.  Buena Vista concedes that courts have

“interpreted Rule 9(b) to mean that the pleader must state the

time, place, and specific content of the false representations as

well as the identities of the parties to the misrepresentation.”

Bosse v. Crowell Collier & MacMillan, 565 F.2d 602, 611 (9th Cir.

1977).  Its allegations, however, fail to identify any particular

mailings or specific fraudulent statements.  It is not clear how

the mailings furthered the scheme to defraud Buena Vista.  Many of

Buena Vista’s allegations set forth a time frame of more than a

year during which the alleged unlawful mailing or mailings

occurred.  At best, a few allegations set forth the approximate

month when a misrepresentation was made by mail.  It is not

apparent from the complaint how the mailings were "integral" to the alleged scheme.  United States v. Blecker, 657 F.2d 629, 637 (4th Cir. 1981).

The First Amended Complaint fails to allege with specificity New Resource Bank's fraudulent scheme.  Buena Vista alleges that it received "false information" from New Resource Bank "regarding the declining housing market and alternative refinancing/take-out loan options that would mitigate any housing decline."  FAC ¶ 24. Buena Vista further contends that New Resource Bank "representatives, via U.S. Mail, on or about September 2006 and continuing throughout 2006 and 2007, falsely asserted and assured Buena Vista that a permanent financing solution would be available to Buena Vista and the Bank would facilitate permanent financing for rental property . . ."  FAC ¶ 26.  New Resource Bank also allegedly misrepresented that it "provided creative and alternative financing solutions to new entrepreneurs."  FAC ¶ 28. These allegations do not disclose the parties to the communications, the specific false statements that addressed alternative refinancing, take-out loans, or permanent or creative financing options, or why these statements were false when made.

Further, Buena Vista's amended complaint fails to cure the deficiencies in its allegations of a pattern of fraud.  Buena Vista has not alleged "closed-ended continuity" by asserting a series of related predicate acts that extended "over a substantial period of time" and threatened future criminal conduct.  Turner v.

Cook, 362 F.3d 1219, 1229 (9th Cir. 2004).  To the extent that Buena Vista alleges that New Resource Bank fraudulently induced it to enter into a loan agreement with the Bank, the misrepresentations occurred beginning in September, 2006, when Buena Vista first contacted New Resource Bank, FAC ¶ 70, through the time when Buena Vista executed the loan one month later, in October, 2006.  FAC ¶ 92.  "Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement."  Id. (citing H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 241 (1989).  According to Buena Vista, New Resource Bank's alleged misrepresentations after October, 2006 were part of a single scheme to foreclose on Buena Vista's property.  Buena Vista, however, does not satisfy the requirement of alleging a future threat because it admits that New Resource Bank sold the note to Defendant Ferguson & Brewer.  FAC ¶¶ 14-15, 205.

Nor do Buena Vista's allegations establish a pattern of fraud through open-ended continuity.  Buena Vista does not identify any other victims or threatened victims of the scheme.  Instead, Buena Vista continues to rely on the fact that New Resource Bank stipulated to the issuance of a Cease and Desist Order by the Federal Deposit Insurance Corporation and the California Department of Financial Institutions, providing that it would manage its funds in a risk-averse manner.  However, the order

relates to management and maintenance of capital issues, not to
Buena Vista's allegations of fraud or predatory lending.

Buena Vista has failed to cure the deficiencies in its RICO
claim against Defendant Marcus & Millichap as well.  Buena Vista
points to numerous paragraphs in its amended complaint, none of
which identify any particular deceptive statements that were made
by mail, or describe how the fraud was furthered by any particular
mailings.  Buena Vista's conclusory allegation that "Marcus, via
U.S. Mail fraudulently disclosed Buena Vista and its owners'
personal financial information to Defendant Ferguson," FAC ¶ 285,
does not remedy the generalities in its original complaint.
Further, Buena Vista has failed to allege a pattern of
racketeering activity by Marcus & Millichap because the assertion
that the pattern of illegal disclosures began over two years ago
and continued from 2008 through 2009 does not satisfy the
requirement to plead a "series of related predicates."  Turner,
362 F.3d at 1229.  Legal conclusions are not taken as true.
Iqbal, 129 S. Ct. at 1949-50.

Buena Vista's First Amended Complaint similarly fails to
state a RICO claim against Defendant Ferguson & Brewer.  Buena
Vista alleges that Ferguson & Brewer refused to proceed with
refinancing Buena Vista's loan after Ferguson & Brewer purchased
the note, and that it received confidential financial information
about Buena Vista and its owners from Defendant Marcus &
Millichap.  However, none of the allegations identifies with

particularity the fraud furthered by the mail.  The repeated bare assertions that Ferguson & Brewer, New Resource Bank and Marcus & Millichap communicated by mail for the purpose of fraudulently taking Buena Vista's property and relaying confidential information is insufficient to allege acts of fraud and a pattern of racketeering.

Buena Vista's RICO claims against all three Defendants are dismissed.

II. Breach of Contract against New Resource Bank

Buena Vista's amended complaint brings a claim for breach of contract against New Resource Bank alone.  To assert a cause of action for breach of contract, a plaintiff must plead: (1) the existence of a contract; (2) the plaintiff's performance or excuse for non-performance; (3) the defendant's breach; and (4) damages to the plaintiff as a result of the breach.  Armstrong Petrol. Corp. v. Tri-Valley Oil & Gas Co., 116 Cal. App. 4th 1375, 1391 n.6 (2004).

Buena Vista alleges that New Resource Bank breached oral and written agreements by failing to provide permanent financing, accurate "housing market climates," and a loan-to-value ratio of sixty-nine percent, and by "demanding more money for the interest reserve provision."  In addition, Buena Vista contends that New Resource Bank breached a contract by failing properly to manage loan withdrawals, transition Buena Vista's loan to a rental property loan in a timely fashion, explore refinancing options,

and release the note at a reduced amount to a third party lender when Buena Vista sought to refinance, and by selling the note without warning or notification, adding terms to the second loan extension, and disclosing private and confidential information. These allegations mirror those made in Buena Vista's first complaint.

Although the complaint refers to the original Construction Loan Agreement, the Business Loan Agreement, and the Promissory Note, as well as the two extensions to the construction loan, it does not identify written provisions that establish the obligations that New Resource Bank allegedly breached.  New Resource Bank's motion to dismiss includes as exhibits the Construction Loan Agreement that Buena Vista entered into with the Bank on October 3, 2006, as well as the Business Loan Agreement and Promissory Note, both dated December 9, 2008.[1]  With one exception, these documents do not provide evidence that New Resource Bank made the promises that Buena Vista has alleged.

The provision relating to the "Disbursement of Loan Funds" indicates, "Unless waived by Lender in writing the ratio of the amount of the Loan to the Value of the Property as completed shall

---

[1] The Court considers these contracts on the motion to dismiss because their contents are alleged in the complaint and their authenticity is not disputed.  Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994) (holding that courts may properly consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleadings.").

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

not exceed 70.000%."  It does not appear that the agreement
required the Bank to maintain a ratio of sixty-nine percent, as
Buena Vista's complaint alleges.  "The Consent to Loan
Participation" in the loan agreement permits disclosure of
information to potential buyers and the sale of the note.

The Construction Loan Agreement does indicate that a fixed
amount of money was to be set aside in an interest reserve
account.  The "Interest Reserve Provision" states,

> The sum of $225,000 shall be set aside within the
> Loan, sufficient to pay interest due on the Note.  On
> the specified payment date, sufficient amounts shall
> be disbursed by Lender from the reserve sum and
> applied to the Interest payment then due.  When said
> sum has been completely disbursed, Borrower shall make
> payments directly to Lender in accordance with the
> terms of this Note.  Borrower may make any interest
> payment when due from its sources at any time during
> the term of the Note.

Buena Vista's amended complaint newly alleges that it paid an
additional $30,000 on or about May, 2007, after $225,000 had been
set aside as required by the agreement.  Buena Vista paid this
amount due to New Resource Bank's demands for "more money for the
interest reserve provision."  FAC ¶ 302.  New Resource Bank
threatened to pull funding from the construction project if it did
not come forward with the additional amount.  Buena Vista alleges
that the $30,000 payment depleted its cash reserves.  These new
allegations address the defects that the Court earlier identified
by stating that Buena Vista paid the added amount, and it suffered
negative consequences as a result.

11

United States District Court
For the Northern District of California

However, Buena Vista has still failed to allege that the Bank breached the interest reserve provision by demanding the additional payment.  While the provision indicates that $225,000 is the required amount "sufficient to pay interest due on the Note," the provision further states, "When said sum has been completely disbursed, Borrower shall make payments directly to Lender in accordance with the terms of this Note."  The complaint simply alleges that $30,000 was paid, but does not allege that the $225,000 reserve had not been completely disbursed, or that additional interest was not due and required by the provision requiring direct payment to the Bank for interest due.  Thus, Buena Vista has still failed to allege a breach of the contract by the demand for $30,000 in interest payment.

Furthermore, Buena Vista has not plead damages based on breach of the interest reserve provision.  Buena Vista was obliged to pay interest on the loan it received from New Resource Bank. There is no indication in the complaint that the additional $30,000 did not go towards paying its interest obligation.

The written agreements do not contain New Resource Bank's supposed promises to provide permanent financing, accurate "housing climates," a timely conversion of the loan to financing for a rental property, or the release of the note at a reduced rate to a third party lender.  Buena Vista contends that these promises were made orally before it entered into the Construction Loan Agreement.  However, as the Court noted in its August 31,

2010 order dismissing Buena Vista's original breach of contract claims, the Construction Loan Agreement included an integration clause.  The Business Loan Agreement and Promissory Note had similar clauses.  "Terms set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement."  Continental Airlines, Inc. v. McDonnell Douglas Corp., 216 Cal. App. 3d 388, 418 (1989) (citing Cal. Code of Civ. P. § 1856(a)).  Thus, New Resource Bank's alleged oral promises related to the Construction Loan Agreement cannot form the basis for Buena Vista's breach of contract claims.

Buena Vista argues that the integration clauses are unenforceable because the loan agreements are voidable, in that they were secured through fraud and as a result of Buena Vista's inferior bargaining position.  These arguments were unpersuasive when Buena Vista made them in its first opposition to Defendants' motion to dismiss, and there is no basis for the Court to change its decision.  As explained above, Buena Vista has not alleged with sufficiently specificity any fraudulent statements that induced it to enter into the agreements with New Resource Bank.  Thus, Buena Vista has failed to state a claim that its agreements with the Bank are void.

III. Claim for Breach of the Implied Covenant Against the Bank

Buena Vista's original claim for breach of the implied covenant of good faith and fair dealing against New Resource Bank failed because it did not concern the performance of the existing explicit contract terms.

"There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." Kransco v. American Empire Surplus Lines Ins. Co., 23 Cal. 4th 390, 400 (2000) (quoting Comunale v. Traders & General Ins. Co., 50 Cal. 2d 654, 658 (1958)). "The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract." Smith v. City and County of San Francisco, 225 Cal. App. 3d 38, 49 (1990).

"The implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract." Pasadena Live, LLC v. City of Pasadena, 114 Cal. App. 4th 1089, 1094 (2004). "This covenant only imposes upon each contracting party the duty to refrain from doing anything which would render performance of the contract impossible by any act of his own, but also the duty to do everything that the contract presupposes that he will do to

accomplish its purpose." <u>Harm v. Frasher</u>, 181 Cal. App. 2d 405, 417 (1960).

Like its original claim, Buena Vista's implied covenant claim in its amended complaint is based on the same allegations as its breach of contract claim.  To the extent that Buena Vista's renewed claim is based on breaches of oral agreements that Buena Vista purportedly had with New Resource Bank, the claim continues to concern the performance of contract terms that do not explicitly exist.

IV. UCL Claims against all Defendants

California's Unfair Competition Law (UCL) prohibits any "unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  The UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law.  <u>Chabner v. United Omaha Life Ins. Co.</u>, 225 F.3d 1042, 1048 (9th Cir. 2000).  Violation of almost any federal, state or local law may serve as the basis for a UCL claim.  <u>Saunders v. Superior Court</u>, 27 Cal. App. 4th 832, 838-39 (1994).  In addition, a business practice may be "unfair or fraudulent in violation of the UCL even if the practice does not violate any law."  <u>Olszewski v. Scripps Health</u>, 30 Cal. 4th 798, 827 (2003).

Buena Vista continues to allege UCL claims under the unlawful, unfair, and fraudulent prongs against all three

United States District Court
For the Northern District of California

Defendants.  As before, Buena Vista's claim based on an unlawful business act fails because its RICO claims are deficient.

In regard to its UCL claim based on unfairness, Buena Vista is correct that it is not required to plead allegations that a business practice violated public policy.  An unfair business practice occurs when the practice "'offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'"  People v. Casa Blanca Convalescent Homes, Inc., 159 Cal. App. 3d 509, 530 (1984).  Nevertheless, Buena Vista has failed to allege conduct that rises to this level.  Though it has added numerous passages to the complaint, the conduct alleged is the same as that asserted in the original complaint.  Even with the greater detail provided in the complaint, none of the acts alleged amounts to unscrupulous conduct.

Under the UCL, "a fraudulent business practice is one that is likely to deceive members of the public."  Morgan & AT&T Wireless Svcs., Inc., 177 Cal. App. 4th 1235, 1254 (2009).  Federal Rule of Civil Procedure Rule 9(b) requires that allegations of fraud be plead with particularity.  As discussed in connection with its RICO claim above, Buena Vista's UCL fraud claim against New Resource Bank still suffers from insufficient particularity, which was the basis for the claim's previous dismissal.  Buena Vista again relies on the Cease and Desist Letter but, as the Court noted earlier, the letter does not relate to the allegations of

16

fraud in the present case.   The amended complaint is similarly devoid of any allegations of fraud by Marcus & Millichap or Ferguson & Brewer that deceived Buena Vista or would be likely to deceive the public.

The UCL claims against Defendants are dismissed.

V. Fraud Claims Against All Defendants

To state a claim for fraud, a plaintiff must plead "'(a) misrepresentation; (b) knowledge of falsity (or scienter); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.'" In re Napster, Inc. Copyright Litig., 479 F.3d 1078, 1096 (9th Cir. 2007) (quoting Small v. Fritz Cos., Inc., 30 Cal. 4th 167, 173 (2003)); see generally Cal. Civ. Code §§ 1709-10.  Averments of fraud "shall be stated with particularity." Fed. R. Civ. Proc. 9(b).  The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985).  Statements of the time, place and nature of the alleged fraudulent activities are sufficient, id. at 735, provided the plaintiff sets forth "what is false or misleading about a statement, and why it is false." In re GlenFed, Inc. Secs. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994).

Buena Vista's prior claims for fraud against Defendants failed because it did not identify false representations that were

**United States District Court**
For the Northern District of California

the basis for its claim that it was fraudulently induced to execute the loan.  In its amended complaint, Buena Vista alters somewhat the misrepresentations that New Resource Bank purportedly made but still fails to plead with particularity the information necessary to give the Bank notice of why these statements were false when made.  The fraud claim against Ferguson & Brewer is still not cognizable because Buena Vista has not alleged that the firm made any intentional misrepresentations concerning the original Construction Loan Agreement or anything else.  Similarly, there is no viable fraud claim against Marcus & Millichap because merely labeling a disclosure fraudulent is not sufficient to plead a misrepresentation that induced Buena Vista to enter into an agreement with the Bank, or any other agreement.

Buena Vista's fraud claims are dismissed.

## VI. Unjust Enrichment Claim Against All Defendants

Buena Vista has realleged its claims for unjust enrichment against all Defendants.  The Court observed that, while it is not clear whether there exists an independent cause of action under California law for unjust enrichment, Buena Vista failed to state a basis for the restitutionary remedy.

As discussed above, Buena Vista has not alleged that the $30,000 in interest payments it made to the Bank were not owed under the Note.  Nor has Buena Vista alleged that Marcus & Millichap or Ferguson & Brewer obtained any money or other benefit

from Buena Vista.  Buena Vista's claims for unjust enrichment against all Defendants are dismissed.

## VII. Intentional Interference with Prospective Economic Advantage (IIPEA) against New Resource Bank

Buena Vista's renewed IIPEA claim against New Resource Bank fails for reasons similar to those explained in the Court's previous dismissal order.  The amended complaint does not allege conduct by New Resource Bank that interfered with Buena Vista's prospective economic advantage.  To state a claim for this tort, Buena Vista must show (1) an economic relationship between Buena Vista and a third party containing the probability of future economic benefit for Buena Vista; (2) New Resource Bank's knowledge of this relationship; (3) intentional acts by the Bank designed to disrupt the relationship; (4) actual disruption of the relationship; (5) damages proximately caused by the Bank's acts; and (6) that the Bank's acts were wrongful by some legal measure other than the fact of the interference itself.  Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1153-54 (2003).

The amended complaint adds the names of three financial institutions--Mechanics Bank, First Republic Bank, and Wells Fargo Bank--and alleges that they were likely to have offered refinancing to Buena Vista but, due to the Bank's interference, Buena Vista lost these critical business opportunities.

According to the amended complaint, Wells Fargo and Mechanics Bank declined to refinance Buena Vista's loan after New Resource

19

United States District Court
For the Northern District of California

Bank refused to write down the loan to $1.8 million.  The loan agreement, however, did not require the reduction, and the refusal to write down the loan was not wrongful by any other legal measure.  First Republic lost interest in refinancing after it learned of the FDIC's Order to Cease and Desist.  This was not the result of intentional interference by New Resource Bank.

In addition, Buena Vista alleges that New Resource Bank interfered with its relationship with the Reiser Group, the team hired to market its units as rentals.  However, it appears from the complaint that the marketing team quit due to the lack of interest in Buena Vista's rental properties.  Even if a delay by New Resource Bank in converting the loan to one for rental property slowed Buena Vista's entry into the rental market, such a delay would not constitute intentional interference because the loan agreement does not require conversion to a rental property loan, much less on a certain timetable.  There is no independent legal basis to charge the Bank with wrong-doing.

Buena Vista's IIPEA claim against New Resource Bank is dismissed.

VIII. Negligence Claim against New Resource Bank

The Court dismissed Buena Vista's claim for negligence against New Resource Bank in its original complaint because it failed to allege facts that established a duty of care.  "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan

United States District Court
For the Northern District of California

transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart of Fed. Savings & Loan Assn., 231 Cal. App. 3d 1089, 1095 (1991).

In its amended complaint Buena Vista has alleged that the Bank "constantly scrutinized" its prices, sales strategies and marketing team, and "requested constant meetings with Buena Vista's sales team, progress updates, updates on potential sales offers and pressured Buena Vista to 'do whatever possible'" to sell units. Buena Vista asserts that in this way New Resource Bank assumed the role of an "investor/developer" giving rise to a duty of care sufficient to support a claim for negligence.

Buena Vista, however, points to no case law indicating that the conduct alleged exceeds the conventional role of a lender. Nymark and Connor v. Great Western Sav. & Loan Ass'n., 69 Cal. 2d 850 (1968), are distinguishable. New Resource Bank's behavior reflected its concern about the viability of the development project it had financed. "[A] strong public policy exists, if our financial institutions are to remain solvent, to prevent a conventional money lender from having to insure [the success of every investment.]" Nymark, 69 Cal. 2d at 1099-1100 (quoting Fox & Caskadon Financial Corp. v. San Francisco Fed. Sav. & Loan Assn., 52 Cal. App. 3d 484, 489 (1975). Thus, without factual allegations establishing conduct by New Resource Bank that exceeds the role of a conventional lender, this claim must be dismissed. If the activities alleged were sufficient to trigger a duty of

care, banks could not exercise due diligence in reviewing the
status of their investments without exposing themselves to tort
liability.  Buena Vista's negligence claim is dismissed.

CONCLUSION

The Court GRANTS Defendants' motions to dismiss with respect
to all of Buena Vista's claims without leave to amend.  Docket
Nos. 46, 50 & 51.  Buena Vista has previously been granted leave
to amend and has failed to add the requisite factual allegations
to its claims.  Accordingly, dismissal without leave to amend
further is warranted.  See Zucco Partners, LLC, v. Digimarc Corp.,
552 F.3d 981, 1007 (9th Cir. 2009).

IT IS SO ORDERED.

Dated: 1/26/2011

CLAUDIA WILKEN
United States District Judge

**United States District Court**
For the Northern District of California