BUCHALTER NEMER
DENISE H. FIELD (SBN: 111532)
RANDALL L. MANVITZ (SBN: 224598)
KIM Y. ARNONE (SBN: 184017)
ERIN H. WELSH (SBN: 240639)
333 Market Street, 25th Floor
San Francisco, California 94105-2126
Telephone: (415) 227-0900
Facsimile: (415) 227-0770
dfield@buchalter.com
rmanvitz@buchalter.com
karnone@buchalter.com
ewelsh@buchalter.com

Attorneys for Defendants
NEW RESOURCE BANK,
a California corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BUENA VISTA, LLC, a limited liability company,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>NEW RESOURCE BANK, a California corporation, FERGUSON & BREWER INVESTMENT COMPANY, a California corporation, MARCUS & MILLICHAP COMPANY, a California corporation, and DOES 1 through DOE 20, inclusive<br><br>　　　　　　Defendants. | Case No. CV 10 1502 CW<br><br>**NEW RESOURCE BANK'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:　　March 24, 2011<br>Time:　　2 p.m.<br>Dept.:　　Courtroom 2<br>Judge:　　Hon. Claudia Wilken<br><br>Complaint Filed:　April 8, 2010 |

BN 8186804v2

## NOTICE OF MOTION AND MOTION

TO PLAINTIFF AND ITS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Thursday, March 24, 2011, at 2 p.m., or as soon thereafter as this matter may be heard, in Courtroom 2, of the above-entitled Court, located at 1301 Clay Street, 4th Floor, Oakland, California, Defendant New Resource Bank will and hereby does move this Court pursuant to Federal Rules of Civil Procedure 54(d)(2) and Local Rule 54-5 for an order awarding attorneys fees and expenses to defendant New Resource Bank.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support thereof, the Declarations of Bill Peterson and Denise H. Field filed herewith, any matters upon which the Court may or must take judicial notice, any evidence or argument presented at the hearing on the motion, and upon any other matters the Court may deem just and proper.

DATED: February 9, 2011

BUCHALTER NEMER
A Professional Corporation


By: /s/ Denise H. Field
Denise H. Field
Attorneys for Defendants
NEW RESOURCE BANK,
a California corporation

MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

New Resource Bank is entitled to an award of attorneys' fees after this Court twice dismissed Plaintiff Buena Vita, LLC ("Buena Vista") claims in their entirety. Plaintiff's claims arose out of loans made by New Resource Bank to Buena Vista to fund the construction of an eight-unit residential project. Plaintiff alleged eight claims against New Resource Bank in the Complaint and First Amended Complaint and sought relief including unspecified damages, punitive damages, and attorneys' fees and costs. Each claim asserted by Plaintiff had multiple theories, all of which had to be research, analyzed and briefed. The claims alleged were extensive, covering 296 paragraphs and 29 pages in the Complaint and ballooning to 448 paragraphs and 59 pages in the First Amended Complaint.

New Resource Bank vigorously defended the allegations and filed, among other things, Motions to Dismiss. The Motions to Dismiss were granted in their entirety and on January 26, 2011, this Court granted the Motion to Dismiss the First Amended Complaint with Prejudice. New Resource Bank and Buena Vista entered into contracts which provided for attorneys fees including the Construction Loan Agreement, Business Loan Agreement, Promissory Note, and Deed of Trust. As shown herein, New Resource Bank is entitled to its reasonable attorneys' fees in the sum of $182,283.50.

## II. PROCEDURAL HISTORY

On April 8, 2010, Buena Vista filed its Complaint against New Resource Bank, Ferguson & Brewer and Marcus & Millichap. As to New Resource Bank, it alleged the following causes of action: Violations of Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1961, et seq.); Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; Unfair Competition (Bus. & Prof. Code § 17200); Intentional Misrepresentation; Unjust Enrichment; Intentional Interference with Prospective Economic Advantage; and Negligence. Docket No. 1. New Resource Bank filed a motion to dismiss and a motion to strike jury demand on May 25, 2010. Docket No.'s 16 and 18, respectively. Buena Vista opposed the motions on June 10, 2010 and New Resource Bank filed its replies on June 17, 2010. Docket No.'s 33 and

34. A hearing was held on July 15, 2010. Docket No. 41. On August 31, 2010, this Court granted New Resource Bank's motion to dismiss as to all causes of action but granted Buena Vista leave to amend. Docket No. 44. The Court put off ruling on New Resource Bank's motion to strike jury demand until the pleadings were settled. Docket No. 44.

Buena Vista filed its First Amended Complaint on September 14, 2010. Docket No. 45. Given that the bulk of Buena Vista's causes of action were levied against New Resource Bank, the Court set a schedule whereby New Resource Bank would file its motion first and be allotted a greater page limit than the other defendants. Docket No. 44. New Resource Bank's motion to dismiss Buena Vista's First Amended Complaint was filed on September 29, 2010. Docket No. 48. The Court considered the motion without scheduling oral argument. Docket No. 44. On January 26, 2011, the Court granted New Resource Bank's motion to dismiss without leave to amend. Docket No. 59.

On February 4, 2011, pursuant to local rule 54-5, New Resource Bank's counsel sent a meet and confer letter to counsel for Buena Vista in order to attempt to meet and confer as to attorney fee issues prior to the filing of this motion. Field Decl. Ex. B. Buena Vista did not respond to the meet and confer letter and thus the parties were not able to resolve the issues related to this motion.

III. SUMMARY OF FEES INCURRED

New Resource Bank incurred attorneys' fees in the sum of $182,283.50 (plus an additional $17,027.50 to prepare this Motion) to successfully defend itself in this action. The total amount of reasonable attorneys' fees which New Resource Bank seeks for Plaintiff is $165,256.00.

As part of its successful defense, New Resource Bank, among other things: (1) analyzed the complaint and contracts between the parties and prepared to defend the case; (2) conducted research and analysis on the claims of RICO, breach of contract, breach of implied covenant of good faith and fair dealing, unfair competition, intentional misrepresentation, unjust enrichment, intentional interference with prospective economic advantage, and negligence; (3) prepared a Motion to Dismiss the Complaint, analyzed the opposition, prepare a reply, and prepare for and

attend oral argument; (4) prepared a Motion to Strike, analyzed the opposition, and prepared a reply; (5) reviewed and analyzed the First Amended Complaint; (6) further researched new and similar claims of RICO, claims of breach of contract, breach of implied covenant of good faith and fair dealing, unfair competition, intentional misrepresentation, unjust enrichment, intentional interference with prospective economic advantage, and negligence; (7) prepared the Motion to Dismiss the First Amended Complaint, analyzed the opposition, and prepared a reply; (8) reviewed and analyzed this Court's Orders; (9) prepared stipulations to continue the Case Management Conference; and (10) communicated with New Resource Bank.

## IV.     ARGUMENT

### A.     New Resource Bank Is Entitled To Fees As A Matter Of Law

Although the general rule under federal law is that attorneys fees are not awarded, the primary exception to this rule is where there exists a valid agreement for a fee award to the prevailing party. *First Nationwide Bank v. Summer House Joint Venture*, 902 F2d 1197, 1199 (5th Cir. 1990); *LINC Finance Corp. v. Onwuteaka,* 129 F3d 917, 924 (7th Cir. 1997); *Crowley American Transport, Inc. v. Richard Sewing Mach. Co.*, 172 F3d 781, 785 (11th Cir. 1999).

Importantly, fees may be awarded pursuant to a contractual provision, even if the underlying litigation sounds in tort or fraud, if the fee provision is broadly worded (e.g., prevailing party entitled to recover attorney fees in action "arising out of" the contract). *Marsu, B.V. v. Walt Disney Co.,* 185 F3d 932, 939 (9th Cir. 1999) (agreement providing for prevailing party attorney fees recovery in "any action" to resolve "any dispute, difference, claim or counterclaim between the parties arising out of or in connection with" agreement, was broad enough to encompass tort claims).

The Construction Loan Agreement here is likewise broad enough to encompass contract and tort claims:

> Attorneys' Fees; Expenses. Borrower agrees to pay upon demand all of Lender's costs and expenses, including Lender's attorneys' fees and Lender's legal expenses, *incurred in connection with enforcement of this Agreement.* Lender may hire or pay someone else to help enforce this Agreement, and Borrower shall pay the costs and expenses of such enforcement. Costs and expenses include Lender's attorneys' fees and legal expenses whether or not

> there is a lawsuit, including attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services. Borrower also shall pay all court costs and such additional fees as may be directed by the court.

Decl. of Bill Peterson, Ex. A, p. 8 (emphasis added). In addition to the Construction Loan Agreement, the other contracts between New Resource Bank and Buena Vista which relate to their lending relationship, including the Business Loan Agreement ("If any action or proceeding is commenced that would materially affect Lender's interest in the Collateral or if Borrower fails to comply with any provision of this Agreement or Related Documents . . . Lender on Borrower's behalf may . . . take any action that Lender deems appropriate . . . ." [page 3]), Promissory Note ("Lender may hire or pay someone else to help collect this Note . . ." [page 2]) and Deed of Trust ("If any action or proceeding is commenced that would materially affect Lender's interest in the Property or, if Trustor fails to comply with any provision of this Deed of Trust . . ., Lender on Trustee's behalf may . . . take any action that Lender deems appropriate . . ." [page 3]), each contained attorneys' fee provisions. Decl. of Bill Peterson Exs. B at pp. 5-6, C at p. 2, D at p. 6. Buena Vista recognized that these fee provisions allowed for attorneys' fees to the prevailing party as it specifically sought attorneys' fees through various of its causes of action.

Thus, the fee provision at issue here is broad and covers attorneys' fees "incurred in connection with" enforcing New Resource Bank's rights under the loan agreement. Each of the claims raised by Buena Vista forced New Resource Bank to defend its position pursuant to the loan documents. Every one of Buena Vista's claims related to the relationship of the parties under the loan agreements: how New Resource Bank allegedly induced Buena Vista to enter into the loan contract (RICO, intentional misrepresentation, unfair competition); how New Resource Bank allegedly breached loan covenants (breach of contract, breach of covenant of good faith, unjust enrichment and fair dealing, unfair competition, negligence); how New Resource Bank's lending relationship allegedly interfered with other of Buena Vista's relationships (unfair competition, interference with prospective economic advantage, negligence). As such, the fees sought here are undeniably "in connection with" enforcing New Resource Bank's position under the loan agreements.

Where, as here, a claim for attorneys' fees arises from a contract, state law governs the construction of a contract. *Matter of Sheridan,* 105 F.3d 1164, 1167 (7th Cir. 1997). "State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Mathis v. Exxon Corp.,* 302 F.3d 448, 461 (5th Cir. 2002).

Under California law, attorneys' fees are permitted pursuant to Civil Code section 1717, subdivision (a):

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

A reasonable attorneys' fee award under Civil Code section 1717 is determined by the lodestar formula: the reasonable hourly rate multiplied by the reasonable number of hours. *PLCM Group v. Drexler* (2000) 22 Cal.4th 1084, 1094-95.

New Resource Bank has demonstrated the amount and reasonableness of its fees under the "lodestar" method by attaching its counsel's itemized bills (redacting only those entries relating to activities which New Resource Bank is not seeking recovery and/or contain privileged information). New Resource Bank has provided the requisite detail to demonstrate its right to the fees it seeks. *See In re Washington Pub. Power Supply System Secur. Litig.,* 19 F.3d 1291, 1305–1306 (9th Cir. 1994); *Miller v. Woodharbor Molding & Millworks, Inc.,* 174 F3d 948, 949 (8th Cir. 1999); *Lipsett v. Blanco,* 975 F2d 934, 940 (1st Cir. 1992). As such, its fees should be awarded.

### B. This Motion Is Timely Filed

Under FRCP 54(d)(2)(B) and Local Rule 54-5, "motions for attorneys' fees by the Court must be served and filed within 14 days of entry of judgment by the District Court." This Motion for Attorneys' Fees was filed within fourteen days of the Order Dismissing the First Amended Complaint with prejudice which was entered on January 26, 2011.

## V. CONCLUSION

For the foregoing reasons, New Resource Bank respectfully requests that Buena Vista be ordered to pay attorneys' fees in the amount of $182,283.50 to New Resource Bank.

DATED: February 9, 2011

BUCHALTER NEMER
A Professional Corporation

By: /s/ Denise H. Field
Denise H. Field
Attorneys for Defendants
NEW RESOURCE BANK,
a California corporation

## CERTIFICATE OF SERVICE

I, Denise H. Field, hereby certify that on this 9th day of February 2011, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By:     /s/ Denise H. Field