IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUENA VISTA, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>NEW RESOURCE BANK, a California corporation; FERGUSON & BREWER INVESTMENT COMPANY, a California corporation; MARCUS & MILLICHAP COMPANY, a California corporation; and DOE 1 through 20, inclusive,<br><br>      Defendants.<br>_____/ | No. C 10-01502 CW<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT NEW RESOURCE BANK'S MOTION FOR ATTORNEYS' FEES |

    Defendant New Resource Bank, which prevailed in the underlying action, now moves for an order directing Plaintiff Buena Vista to pay $182,283.50 in attorneys' fees incurred in its defense. Buena Vista opposes the motion. Having considered all the papers filed by the parties, including declarations filed by Defendant, the Court GRANTS Defendant's motion in part and DENIES it in part.

BACKGROUND

    The underlying action arose out of a business loan to Buena Vista, the borrower, from Defendant New Resource Bank, the lender, for the construction of Villa del Sol, an ecologically friendly residential complex in Martinez, California. After loan modification efforts failed and the bank sold the loan to a real

estate firm, Buena Vista filed an eight-count complaint against the bank, the real estate firm that purchased the loan, and the brokerage firm that orchestrated the transaction.  Docket No. 1.  The complaint alleged: (1) violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq.; (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; (4) violation of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200 et seq.; (5) intentional misrepresentation; (6) unjust enrichment; (7) intentional interference with prospective economic advantage; and (8) negligence.  In May 2010, this Court dismissed the complaint with leave to amend for failure to state a claim upon which relief could be granted.  Docket No. 44.  Buena Vista's First Amended Complaint (1AC) renewed all eight causes of action but did not remedy any of the original complaint's deficiencies.  Docket No. 45.  In January 2011, this Court dismissed the 1AC without leave to amend, for failure to state a claim.

    New Resource Bank now seeks from Buena Vista attorneys' fees in the amount of $165,256.00 plus $17,027 for preparing this fee application, for a total of $182,283.50.  It contends that clauses in the Loan Agreement between them provide that Buena Vista will pay all of the bank's legal expenses "incurred in connection with the enforcement of [the] Agreement."  New Resource Bank argues in its motion that all fees are recoverable because each part of the eight-count complaint related to the Loan Agreement.  In response, Buena Vista argues that the bank cannot recover attorneys' fees because the complaint sounded in tort and not contract; the limited

2

scope of the attorneys' fees clause precludes recovery; and the amount of fees requested by the bank is unreasonable.

## LEGAL STANDARD

In the Ninth Circuit, state law governs applications for attorneys' fees in cases where a federal court exercises diversity or supplemental jurisdiction. Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1478 (9th Cir 1995); Synapsis, LLC v. Evergreen Data Systems, Inc., 2006 WL 3302432 at *2 (N.D. Cal.). Because this Court exercised supplemental jurisdiction over Buena Vista's state law claims, California law applies to the bank's fee application.

Attorneys' fees are awarded under California law when a statute or contract provision so provides. Reynolds Metals Co. v. Alperson, 25 Cal. 3d 124, 127 (1979); Lerner v. Ward, 13 Cal. App. 4th 155, 158 (1993). When a contract allows for an award of attorneys' fees, applicants may recover under two statutes: California Civil Code § 1717 and California Code of Civil Procedure § 1021. California Civil Code § 1717(a) governs fee applications related to claims "on a contract":

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

The court determines which party, if any, has prevailed on the contract for the purposes of awarding fees. Cal. Civ. Code § 1717(b)(1).

California Code of Civil Procedure § 1021 is a broader statute

3

allowing for parties to collect any attorneys' fees made recoverable by a contract provision:

> Except as attorneys' fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties . . .

Under a § 1021 analysis, an award of attorneys' fees "turns on the language of the contractual attorneys' fee provision." <u>Exxess Electronixx v. Heger Realty Corp.</u>, 64 Cal. App. 4th 698, 708 (1998). The court must determine "whether the party seeking fees has 'prevailed' within the meaning of the provision and whether the type of claim is within the scope of the provision." <u>Id.</u>

## DISCUSSION

I. New Resource Bank's Fee Application

Both parties agree that the Loan Agreement between Buena Vista and the bank includes an enforceable clause for attorneys' fees and costs. Decl. Of Bill Peterson, Ex. A; Pl.'s Opp'n, Ex. A. The Agreement provides:

> **Attorneys' Fees; Expenses**. Borrower agrees to pay upon demand all of Lender's costs and expenses, including Lender's attorneys' fees and Lender's legal expenses, incurred in connection with enforcement of this Agreement.

The parties disagree, however, about the scope of the clause. The bank claims in its motion that it is entitled to the full cost of its defense, $165,256.00, as well as $17,027.50 for its attorneys' fee motion, because the complaint was based on the Agreement. Buena Vista responds that there is no statutory basis for recovery under California Civil Code § 1717 and that even if there is, the attorneys' fees provision in the contract is too narrow to

4

encompass the claims in the complaint.

A. Contract Claims

The bank asserts that it can recover under § 1717 because Buena Vista's causes of actions were "on the contract." According to the bank, "[e]very one of Buena Vista's claims related to the relationship of the parties under the loan agreements." Def.'s Motion at 6. Plaintiff responds that § 1717 is inapplicable "because the essential elements of each of Buena Vista's claims were based on violations of RICO and fraudulent inducement" and not the Loan Agreement. Pl.'s Opp'n at 2.

Under Civil Code § 1717(a), if a "prevailing party" wins a claim that is "on the contract," and the agreement provides for the recovery of attorneys' fees in the enforcement of the contract, then fees can be recovered. Exxess Electronixx, 64 Cal. App. 4th at 706. Although courts interpret "on the contract" liberally, Barrientos v. 1801-1825 Morton LLC, 583 F.3d 1197, 1216 (9th Cir. 2009), the provision generally does not encompass an action in tort. Santisas v. Goodin, 17 Cal. 4th 599, 615 (1998); see also Exxess Electronixx, 64 Cal. App. 4th at 708 ("[A] tort claim is not 'on a contract' and is therefore outside the ambit of section 1717.").

Buena Vista's assertion that each claim in the complaint sounded in tort is incorrect. As the bank points out in its reply, the 1AC included a breach of contract action and a claim for breach of the contract's implied covenant of good faith and fair dealing. The 1AC alleged that the bank breached the contract by providing only temporary financing, requiring Buena Vista to pay additional

5

fees to keep the loan, disclosing confidential financial information, adding terms to loan extensions, selling the note without notice, and mismanaging loan withdrawals. 1AC ¶¶ 300-303. Buena Vista argued that because of the breach, it spent thousands of dollars and "lost opportunities to market Villa Del Sol and refinance the property." Id. ¶ 231. Buena Vista sought as a remedy damages "pursuant to the terms of the agreement." Buena Vista's claims for breach of contract and breach of the implied covenant are actions "on the contract" within the scope of § 1717.

Although § 1717 authorizes claims for attorneys' fees related to Buena Vista's causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing, the statute does not provide for fees related to Buena Vista's remaining six causes of action. Buena Vista's claims under RICO and California's Unfair Competition Law (UCL) are statutory causes of action, and Plaintiff's claims for intentional misrepresentation, unjust enrichment, intentional interference with prospective economic advantage, and negligence all sound in tort.[1] Accordingly, the bank is entitled only to attorneys' fees for its defense against Buena Vista's claims for breach of contract and breach of the implied covenant of good faith and fair dealing.

B. Statutory and Tort Claims

Although Civil Code § 1717 does not authorize an award of

---

[1] An action for intentional misrepresentation can be "on the contract" if it endeavors to avoid, reform, or rescind the contract. Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1340 n.16 (9th Cir. 1986). Here, Buena Vista asserted a claim for misrepresentation that sounded in tort, not contract. Compl. ¶ 395; See Cal. Civ. Code § 3294(a).

6

attorneys' fees for non-contract claims, the bank may find additional relief under the California Code of Civil Procedure § 1021, quoted above, which gives binding effect to a private agreement reached by parties concerning attorneys' fees. The relevant inquiry under this provision is whether the attorneys' fees clause in the Loan Agreement is broad enough to encompass Buena Vista's statutory and tort causes of action.

The Loan Agreement provides that Buena Vista will pay the bank's attorneys' fees and legal expenses "incurred in connection with the enforcement of this Agreement." While the non-contract claims clearly arise out of the transaction between Buena Vista and the bank, none of the statutory or tort causes of action relate to the <u>enforcement</u> of the Loan Agreement. Buena Vista's negligence claim, for example, shares common facts with the claim for breach of contract but is not an action to enforce the contract. Likewise, its claim under California's Unfair Competition Law arises out of the same transaction as the breach of contract claim, but is itself not an action to enforce the contract.

If the contract's drafters had intended the attorneys' fees provision to apply to all claims "arising out of" the contract, they would have included language to that effect in the Loan Agreement. Many of the cases cited by the bank provide examples of such broad language. See, e.g., Marsu, B.V. v. Walt Disney Co., 185 F.3d 932, 939 (9th Cir. 1999) (fees provision covered "[a]ny dispute, difference, claim or counterclaim between the parties arising out of or in connection with this agreement").

The bank argues that Buena Vista sought attorneys' fees in the

7

complaint and that if a prevailing plaintiff is entitled to an award of attorneys' fees, a defendant should be entitled to attorneys' fees after a successful defense.  But Buena Vista never asserted that it was entitled to attorneys' fees with respect to any tort causes of action.  Buena Vista's 1AC only requested attorneys' fees under RICO and for the breach of contract action. 1AC ¶ 268.  As noted above, Civil Code § 1717 provides for mutuality of remedy and authorizes an award of attorneys' fees in a breach of contact action.  The bank has no freestanding right to attorneys' fees under RICO, however, because the statute only provides for fees incurred by a prevailing plaintiff.  Chang v. Chen, 95 F.3d 27, 28 (9th Cir. 1996).  The bank could recover fees for the RICO claim if the attorneys' fees provision of the contract were broad enough to cover it, but, as explained above, the provision here limits recovery to contract actions.

In sum, the attorneys' fees provision in the Loan Agreement restricts recovery to fees incurred "in connection with the enforcement of [the] Agreement," which does not include any claims beyond those on the contract.  Attorneys' fees related to non-contract claims are therefore unrecoverable.

II. Apportionment of Attorneys' Fees

The bank argues that, even if it is not entitled to collect attorneys' fees for the six non-contract causes of action, the Court should still grant its fee application in full because non-contract causes of action "are entwined with the contract claims" such that apportionment would be impractical.  Def.'s Reply at 2.

Apportionment of attorneys' fees between fees incurred on a

8

contract claim and those incurred on other claims is within the sound discretion of the court. Abdallah v. United Savings Bank, 43 Cal. App. 4th 1101, 1111 (1996). As discussed above, "[w]here a cause of action based on the contract providing for attorneys' fees is joined with other causes of action beyond the contract, the prevailing party may recover attorneys' fees under [Civil Code] section 1717 only as they relate to the contract action." Reynolds Metals Co. v. Alperson, 25 Cal. 3d 124, 129 (1979). A litigant may not increase his recovery of attorneys' fees by joining claims for which attorneys' fees are not recoverable to one in which an award is proper. Id. Conversely, a "plaintiff's joinder of causes of action should not dilute its right to attorneys' fees." Id. When claims for which attorneys' fees can be awarded are closely related to claims for which there is no basis for awarding attorneys' fees, it may be "'impracticable, if not impossible, to separate the multitude of conjoined activities into compensable and noncompensable time units" and, thus, attorneys' fees need not be apportioned for representation of an issue common to both a claim in which fees are proper and one in which they are not allowed. Id.; Abdallah, 43 Cal. App. 4th at 1111 (citing Fed-Mart Corp. v. Pell Enterprises, Inc., 111 Cal. App. 3d 215, 227 (1980)).

Here, the bank is entitled to attorneys' fees only for the contract claims, and apportionment of fees would be impracticable. Each of Buena Vista's causes of action in the 1AC incorporated the same 258 paragraphs of factual detail. Buena Vista's RICO claim, for example, alleged that Defendants "engaged in a business practice designed to defraud money from borrowers and foreclose on

9

their property in violation of RICO." 1AC ¶ 261. In its cause of action for violation of California's UCL, Buena Vista made the same arguments used to demonstrate a breach of the agreement. 1AC ¶¶ 336, 340. Similarly, the intentional misrepresentation, unjust enrichment, intentional interference with prospective economic advantage, and negligence claims all included allegations similar or identical to those made in the causes of action for breach of contract and breach of the implied covenant. Because it would be impossible to disentangle the allegations in the complaint, the Court declines to segregate fees for contract claims from fees for non-contract claims.

III. Calculation of Attorneys' Fees

In the Ninth Circuit, the trial court must determine attorneys' fees by calculating the "lodestar." Jordan v. Multnomah County, 815 F.2d 1258, 1262 (9th Cir. 1987). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996). There is a strong presumption that the lodestar figure represents a reasonable fee. Jordan, 815 F.2d at 1262.

A. Hourly Rate

Determining a reasonable hourly rate is a critical inquiry. Jordan, 815 F.2d at 1262 (citing Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)). In establishing the reasonable hourly rate, the court may take into account: (1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation; and (4) the results obtained. See

10

Cabrales v. County of Los Angeles, 864 F.2d 1454, 1464 (9th Cir. 1988). These factors are subsumed in the initial lodestar calculation, and should not serve as independent bases for adjusting fee awards. Morales, 96 F.3d at 363-64. The reasonable rate inquiry should also be informed by reference to the prevailing market rates in the forum district. Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992).

For representation in the underlying action, New Resource Bank seeks hourly rates of $450 for Denise H. Field, shareholder in the firm representing the bank and lead counsel in this case; $410 for Kim Arnone, senior counsel; $410 for Randall Manvitz, senior counsel; $400 for Marilynn H. Tham, of counsel; $330 for Lori Liu, associate; and $295 for Erin Welsh, associate. Because rates changed at the beginning of the new year, the bank seeks higher hourly rates for time spent drafting this motion for attorneys' fees: $460 for Ms. Field, $425 for Ms. Arnone, and $150 for the work of a paralegal. The bank has submitted a declaration from lead counsel explaining the qualifications and experience of its attorneys.

Buena Vista does not challenge the hourly billing rate for Ms. Field or any of the other attorneys or firm staff who worked on this case. No evidence has been presented to suggest that these fees are out of line with hourly rates charged by lawyers in similar firms or in cases like this one. Accordingly, the Court finds that the hourly rates charged by the bank's counsel are reasonable.

11

B. Number of Hours

The number of hours used in the lodestar calculation must be reasonable. In calculating hours, the applicant has the burden of justifying his or her claim and must submit detailed time records for the court's consideration. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986), reh'g denied, opinion amended on other grounds, 808 F.2d 1373 (9th Cir. 1987). Only hours that were "reasonably expended" should be included in the calculation. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). "Those hours may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." Chalmers, 796 F.2d at 1210.

For work in the underlying case, Ms. Field billed 114 hours, Ms. Arnone billed 207.9 hours, Mr. Manvitz billed 16 hours, Ms. Tham billed 16.2 hours, Ms. Liu billed 15.8 hours, and Ms. Welsh billed 35.2 hours, for a total of 405.1 billed hours. For the motion for attorneys' fees, Ms. Field billed 18.5 hours, Ms. Arnone billed 10.9 hours, and the firm's paralegal billed 25.9 hours for a total of 55.3 hours.

Buena Vista argues that the bank could not have reasonably expended so many hours on two motions to dismiss and a motion for attorneys' fees. It also contends that the billing statements submitted by the bank's counsel reveal duplicative work and are otherwise too vague to qualify as the "detailed time records" required by Chalmers. Pl.'s Opp'n at 6-9. Although the case unfolded over the course of ten months and involved claims against

12

multiple defendants, the Court agrees that the bank's compensation request for 450 hours is excessive.

The Court finds that deploying six attorneys and spending 400 hours on two motions to dismiss was excessive. As the bank notes in its reply, while the complaint included eight causes of action, two claims were contractual and the extra-contractual claims were "entwined with the contract claims." Def.'s Reply at 2. The bank's assertion that Buena Vista's causes of action were linked and repetitive weighs against its plea that the complaint contained such complex and "voluminous" allegations as to justify 400 hours of six attorneys' time. Counsel's success in securing a dismissal is likewise unpersuasive. A favorable outcome does not prove that all of the work was necessary and reasonable.

Buena Vista argues in its opposition that the bank's request for attorneys' fees is so unreasonable that the motion should be denied in its entirety. The Court does not conclude that the bank's motion for attorneys' fees is so "outrageously unreasonable" that it warrants a total denial. See Serrano v. Unruh, 32 Cal. 3d 621, 635 (1982).

As discussed above, an award for fees incurred in enforcing the contract is appropriate. Because the contract and tort claims cannot be disentangled, and because the bank's fees request is excessive, the Court awards fees on a proportionate basis: out of a total of eight claims, there are two contract claims, so that one fourth of the claims asserted are based on a contract. Therefore, the Court awards the bank one fourth of the $165,256 in fees requested, which amounts to $41,314. Likewise, the Court awards

13

one fourth of the fees requested for preparing this fee application, which amounts to $4,257.  In total, the Court awards the bank $45,571 for attorneys' fees incurred in litigating the contract claims.

## CONCLUSION

For the foregoing reasons, the Court GRANTS New Resource Bank's motion for attorneys' fees in part and awards $45,571 in attorneys' fees.

IT IS SO ORDERED.

Dated: August 26, 2011         
                                CLAUDIA WILKEN
                                United States District Judge

14